UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| **Latrice N. Trotter**, | Court File No. |
| Plaintiff, | |
| vs. | **COMPLAINT WITH JURY DEMAND** |
| **City of Minneapolis** and **Officer Adam Lewis**, in his individual and official capacities, | |
| Defendants. | |

---

# INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, and under the common law of the State of Minnesota, against the City of Minneapolis and Officer Adam Lewis, police officer of the City of Minneapolis, in his individual and official capacities.

2. It is alleged that Defendant Officer Lewis made an unreasonable seizure of Plaintiff's person, violating her rights under the Fourth Amendment to the United States Constitution. It is further alleged that Defendants battered Plaintiff under Minnesota state law.

# JURISDICTION

3. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law pursuant to 28 U.S.C. § 1367.

## VENUE

4. This Court is the proper venue for this proceeding under 28 U.S.C. § 1391, as the material events and occurrences giving rise to Plaintiff's cause of action occurred within the State of Minnesota.

## PARTIES

5. Plaintiff Latrice Trotter was at all material times a resident of the State of Minnesota, and of full age.

6. Defendant Police Officer Adam Lewis was at all times relevant to this complaint duly appointed and acting officer of the police department of the City of Minneapolis, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or the City of Minneapolis.

7. The City of Minneapolis, Minnesota, is a municipal corporation and the public employer of Defendant Officer Lewis. Defendant City of Minneapolis is sued directly and also on the theories of respondeat superior or vicarious liability and pursuant to Minn. Stat. § 466.02, for the actions of its officers and officials, including Officer Lewis.

## FACTS

8. On the evening of May 29, 2014, Plaintiff Latrice Trotter was at the train station in the area of Nicollet Mall and in downtown Minneapolis waiting for a train. At the time, Ms. Trotter was five months pregnant and was wearing tight-fitting clothes, which clearly showed that Ms. Trotter was pregnant.

9. While waiting for the train, a large group of women approached Ms. Trotter and started harassing Ms. Trotter and challenging her to a fight. Ms. Trotter attempted to deescalate the situation by explaining to these individuals that she was pregnant and did not want to fight, but her efforts proved unsuccessful and the group continued to harass, taunt, and act aggressively towards Ms. Trotter.

10. Ms. Trotter then borrowed a cell phone from another woman who was waiting for the train and called her mother. Ms. Trotter told her mother that she was being harassed and assaulted by a group of women and asked for help. Ms. Trotter's mother then called 911 and made a police report. Ms. Trotter's mother reported that her pregnant daughter was being assaulted at the train station and needed help.

11. Defendant Officer Lewis was the first officer who responded to Ms. Trotter's mother's 911 call and arrived at the train station to investigate. Upon information and belief, Officer Lewis knew, prior to his arrival, that the complaint involved a pregnant victim who was being harassed and assaulted by a large group of individuals. Upon information and belief, after his arrival, Officer Lewis initially remained in the squad and observed a group of individuals harassing and assaulting a pregnant woman. Upon information and belief, Officer Lewis knew, prior to exiting his squad, that Ms. Trotter was the victim in this incident.

12. After Officer Lewis arrived, one of the women ran up and swung at Ms. Trotter, and Ms. Trotter attempted to defend herself. At this time, Officer Lewis was still in his squad and, upon information and belief, observed Ms. Trotter being assaulted. Ms. Trotter attempted to defend herself from the group of women and, upon information and belief, Officer Lewis observed Ms. Trotter trying to defend herself prior to exiting his squad.

13. Officer Lewis then exited the squad and approached Ms. Trotter. Ms. Trotter noticed Officer Lewis approaching and stepped back from the other females because she assumed that Officer Lewis was there to help. Ms. Trotter then noticed that Officer Lewis was holding a Taser and was aiming it at Ms. Trotter. By this time, Ms. Trotter had already stepped away from the other women, was not acting aggressively, and was no longer attempting to defend herself from the other women. Ms. Trotter, out of fear, then covered her face with her palms and yelled out to Officer Lewis, "I'm pregnant!" Officer Lewis, without announcing any warnings, orders, or instructions, responded by deploying his Taser at Ms. Trotter's stomach and forearm, which caused Ms. Trotter to suffer electrical shock, fall to the ground, and suffer severe and excruciating physical and emotional pain.

14. At the time Officer Lewis deployed his Taser, Ms. Trotter was not acting aggressively towards Officer Lewis or others, was not threatening Officer Lewis or others, and was not interfering with or obstructing Officer Lewis in any way. At the time he deployed his Taser, Officer Lewis knew that Ms. Trotter was pregnant and that Ms. Trotter was the victim in the complaint/911 call to which Officer Lewis was responding.

15. As a result of the Defendants' actions, Ms. Trotter endured severe physical pain, suffering, and discomfort during the incident.

16. As a result of the Defendants' actions, Mr. Trotter suffered physical injuries from the Taser prongs.

17. As a result of the Defendants' actions, Ms. Trotter suffered emotional/psychological trauma, anguish, and distress.

## INJURIES SUFFERED

18. As a direct and proximate result of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of her constitutional rights under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures of her person;

    b. Physical pain and suffering;

    c. Emotional trauma and suffering.

19. The actions of Defendant Officer Lewis violated the following clearly established and well settled federal constitutional rights of Plaintiff:

    a. Freedom from unreasonable seizures of her person;

    b. Freedom from the use of excessive, unreasonable, and unjustified force against her person.

## CLAIMS FOR RELIEF

### COUNT 1: 42 U.S.C. § 1983 – FOURTH AMENDMENT UNREASONABLE SEIZURE AND EXCESSIVE FORCE AGAINST OFFICER LEWIS

20. Paragraphs 1 through 19 are incorporated herein by reference as though fully set forth.

21. Based on the above factual allegations, Defendant Officer Lewis, through his actions, acting under the color of state law, violated Plaintiff's constitutional right to remain free from unreasonable seizures and use of excessive force under the Fourth Amendment to the United States Constitution when he tased Plaintiff without justification.

22. As a result of these constitutional violations, Plaintiff suffered damages as aforesaid.

**COUNT 2: BATTERY AGAINST ALL DEFENDANTS UNDER MINNESOTA STATE LAW**

23. Paragraphs 1 through 19 are incorporated herein by reference as though fully set forth.

24. Based on the above factual allegations, Defendants battered Plaintiff. Specifically, Officer Lewis engaged in intentional, offensive, and unpermitted contact with Plaintiff when he tased Plaintiff without justification. Defendant City of Minneapolis is vicariously liable for Defendant Officer Lewis's battery.

25. As a direct and proximate result of this battery, Plaintiff suffered damages as aforesaid.

## RELIEF REQUESTED

**WHEREFORE, Plaintiff requests that this Court grant the following relief:**

a. Issue an order granting Plaintiff judgment against Defendant Officer Lewis, finding that Officer Lewis violated Plaintiff's constitutional rights under the Fourth Amendment to the United States Constitution and that Officer Lewis is liable to Plaintiff for all damages resulting from these violations;

b. Issue an order granting Plaintiff judgment against Defendants, finding that Defendants committed battery under Minnesota state law and that Defendants are liable to Plaintiff for all damages resulting from this violation;

c. Award of compensatory damages to Plaintiff against all Defendants, jointly and severally;

d. Award of punitive damages to Plaintiff against all Defendants, jointly and severally;

e. Award of reasonable attorney's fees and costs to Plaintiff pursuant to 42 U.S.C. § 1988;

f.  Award of such other and further relief as this Court may deem appropriate.

**THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

                            THE LAW OFFICE OF ZORISLAV R. LEYDERMAN

Dated: August 7, 2015                 By: s/ Zorislav R. Leyderman
                                          ZORISLAV R. LEYDERMAN
                                          Attorney License No. 0391286
                                          Attorney for Plaintiff
                                          The Law Office of Zorislav R. Leyderman
                                          222 South 9th Street, Suite 1600
                                          Minneapolis, MN 55402
                                          Tel: (612) 876-6626
                                          Email: zrl@ZRLlaw.com